SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
MARIA POLITIS

                            Plaintiff/Petitioner,

           - against -                            Index No. 701323/2017

DELTA AIRLINES, INC. and
ALITALIA-COMPAGNIA AEREA ITALIANA, S.P.A.,

                            Defendant/Respondent.
-------------------------------------------------------------------X

# NOTICE OF COMMENCEMENT OF ACTION
# SUBJECT TO MANDATORY ELECTRONIC FILING

    PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

    The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

    Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: 1/31/2017

_(Signature)_

TONINO SACCO, ESQ (Name)

SACCO & FILLAS, LLP (Firm Name)

31-19 Newtown Avenue, (Address)
Seven Floor,
Astoria, New York 11102

718-746-3440 (Phone)

cbramwell@saccofillas.com (E-Mail)

To:   DELTA AIR LINES, INC.
      c/o Corporation
      Service Company
      80 State Street
      Albany, NY 12207

4/8/11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---------------------------------------------------------- Filed:_____

MARIA POLITIS,

                      Plaintiff,

   -against-

DELTA AIR LINES, INC. and ALITALIA-COMPAGNIA
AEREA ITALIANA, S.P.A.,

                      Defendants.

----------------------------------------------------------

INDEX NO.

Plaintiff designates Queens
County as the place of trial.

**SUMMONS**

The basis of venue is
Plaintiff's residence:
7703 Ditmars Boulevard
East Elmhurst, New York

**To the above named Defendant:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: Astoria, New York
       January 26, 2017

_____
Tonino Sacco, Esq.
SACCO & FILLAS, LLP
Attorneys for Plaintiff
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440

DELTA AIR LINES, INC.
c/o Corporation Service Company
80 State Street
Albany, New York 12207

ALITALIA-COMPAGNIA AEREA ITALIANA, S.P.A.
c/o Kaplan, Massamillo & Andrews, LLC
70 East 55th Street, 25th Floor
New York, New York 10022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

MARIA POLITIS,

           Plaintiff,

  -against-

DELTA AIR LINES, INC. and ALITALIA-COMPAGNIA
AEREA ITALIANA, S.P.A.,

           Defendants.

INDEX NO.

**VERIFIED COMPLAINT**

---

    Plaintiff, by her attorneys, SACCO & FILLAS, LLP, as and for her Verified Complaint, respectfully alleges, upon information and belief:

    1. The plaintiff, MARIA POLITIS, at all times herein mentioned was and still is a resident of the County of Queens and the State of New York.

    2. The defendant DELTA AIR LINES, INC., at all times herein mentioned, was and still is a foreign business corporation organized and existing under the laws of the State of Delaware, with its principal place of business situated in the County of New York and the State of New York.

    3. The defendant, DELTA AIR LINES, INC., at all times herein mentioned conducted and carried on business in the County of Queens and the State of New York.

    4. At all times herein mentioned, defendant DELTA AIR LINES, INC. transacted business within the State of New York.

    5. At all times herein mentioned, defendant DELTA AIR LINES, INC. derived substantial revenue from goods used or consumed or services rendered in the State of New York.

    6. At all times herein mentioned, defendant DELTA AIR LINES, INC. expected or should reasonably have expected its acts to have consequences in the State of New York.

    7. The defendant ALITALIA-COMPAGNIA AEREA ITALIANA, S.P.A., at all times herein mentioned, was and still is a foreign business corporation organized and existing under the laws of Italy, with its principal place of business situated in the County of New York and the State

of New York.

8. The defendant, ALITALIA-COMPAGNIA AEREA ITALIANA, S.P.A., at all times herein mentioned conducted and carried on business in the County of Queens and the State of New York.

9. At all times herein mentioned, defendant ALITALIA-COMPAGNIA AEREA ITALIANA, S.P.A. transacted business within the State of New York.

10. At all times herein mentioned, defendant ALITALIA-COMPAGNIA AEREA ITALIANA, S.P.A. derived substantial revenue from goods used or consumed or services rendered in the State of New York.

11. At all times herein mentioned, defendant ALITALIA-COMPAGNIA AEREA ITALIANA, S.P.A. expected or should reasonably have expected its acts to have consequences in the State of New York.

12. At all times herein mentioned, MARIA POLITIS was lawfully upon defendants' premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, more specifically on the movable stairs exiting Flight Number AZ717.

13. At all times herein mentioned, the premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, was an airport dully operated under the Laws of the Country of Italy.

14. At all times herein mentioned, the defendant DELTA AIR LINES, INC. owned the premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, the equipment on said premises, more specifically the movable stairs exiting Flight Number AZ717, and the Plane for Flight Number AZ717.

15. At all times herein mentioned, the defendant DELTA AIR LINES, INC. was one of the owners of the premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, the equipment on said premises, more specifically the movable stairs exiting Flight Number AZ717, and the Plane for Flight Number AZ717.

16. At all times herein mentioned, the defendant DELTA AIR LINES, INC. was a lessee

of the premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, the equipment on said premises, more specifically the movable stairs exiting Flight Number AZ717, and the Plane for Flight Number AZ717.

17. At all times herein mentioned, the defendant DELTA AIR LINES, INC., defendant's servants, agents and/or employees operated the premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, the equipment on said premises, more specifically the movable stairs exiting Flight Number AZ717, and the Plane for Flight Number AZ717.

18. At all times herein mentioned, the defendant DELTA AIR LINES, INC., defendant's servants, agents and/or employees maintained the premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, the equipment on said premises, more specifically the movable stairs exiting Flight Number AZ717, and the Plane for Flight Number AZ717.

19. At all times herein mentioned, the defendant DELTA AIR LINES, INC., defendant's servants, agents and/or employees managed the premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, the equipment on said premises, more specifically the movable stairs exiting Flight Number AZ717, and the Plane for Flight Number AZ717.

20. At all times herein mentioned, the defendant DELTA AIR LINES, INC., defendant's servants, agents and/or employees controlled the premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, the equipment on said premises, more specifically the movable stairs exiting Flight Number AZ717, and the Plane for Flight Number AZ717.

21. At all times herein mentioned, the defendant DELTA AIR LINES, INC., defendant's servants, agents and/or employees supervised the premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, the equipment on said premises, more specifically the movable stairs exiting Flight Number AZ717,

and the Plane for Flight Number AZ717.

22. On or before November 28, 2016, the defendant DELTA AIR LINES, INC., defendant's servants, agents and/or employees repaired the premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, the equipment on said premises, more specifically the movable stairs exiting Flight Number AZ717, and the Plane for Flight Number AZ717.

23. On or before November 28, 2016, the defendant DELTA AIR LINES, INC., defendant's servants, agents and/or employees inspected the premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, the equipment on said premises, more specifically the movable stairs exiting Flight Number AZ717, and the Plane for Flight Number AZ717.

24. On or before November 28, 2016, the defendant DELTA AIR LINES, INC., defendant's servants, agents and/or employees constructed the premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, the equipment on said premises, more specifically the movable stairs exiting Flight Number AZ717, and the Plane for Flight Number AZ717.

25. On or before November 28, 2016, the defendant DELTA AIR LINES, INC., defendant's servants, agents and/or employees designed the premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, the equipment on said premises, more specifically the movable stairs exiting Flight Number AZ717, and the Plane for Flight Number AZ717.

26. At all times herein mentioned, it was the duty of the defendant DELTA AIR LINES, INC., defendant's servants, agents and/or employees to maintain said premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, the equipment on said premises, more specifically the movable stairs exiting Flight Number AZ717, and the Plane for Flight Number AZ717, in a reasonably safe and suitable condition and in good repair.

SACCO & FILLAS, LLP

27. At all times herein mentioned, the defendant ALITALIA-COMPAGNIA AEREA ITALIANA, S.P.A. owned the premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, the equipment on said premises, more specifically the movable stairs exiting Flight Number AZ717, and the Plane for Flight Number AZ717.

28. At all times herein mentioned, the defendant ALITALIA-COMPAGNIA AEREA ITALIANA, S.P.A. was one of the owners of the premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, the equipment on said premises, more specifically the movable stairs exiting Flight Number AZ717, and the Plane for Flight Number AZ717.

29. At all times herein mentioned, the defendant ALITALIA-COMPAGNIA AEREA ITALIANA, S.P.A. was a lessee of the premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, the equipment on said premises, more specifically the movable stairs exiting Flight Number AZ717, and the Plane for Flight Number AZ717.

30. At all times herein mentioned, the defendant ALITALIA-COMPAGNIA AEREA ITALIANA, S.P.A., defendant's servants, agents and/or employees operated the premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, the equipment on said premises, more specifically the movable stairs exiting Flight Number AZ717, and the Plane for Flight Number AZ717.

31. At all times herein mentioned, the defendant ALITALIA-COMPAGNIA AEREA ITALIANA, S.P.A., defendant's servants, agents and/or employees maintained the premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, the equipment on said premises, more specifically the movable stairs exiting Flight Number AZ717, and the Plane for Flight Number AZ717.

32. At all times herein mentioned, the defendant ALITALIA-COMPAGNIA AEREA ITALIANA, S.P.A., defendant's servants, agents and/or employees managed the premises located

at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, the equipment on said premises, more specifically the movable stairs exiting Flight Number AZ717, and the Plane for Flight Number AZ717.

33. At all times herein mentioned, the defendant ALITALIA-COMPAGNIA AEREA ITALIANA, S.P.A., defendant's servants, agents and/or employees controlled the premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, the equipment on said premises, more specifically the movable stairs exiting Flight Number AZ717, and the Plane for Flight Number AZ717.

34. At all times herein mentioned, the defendant ALITALIA-COMPAGNIA AEREA ITALIANA, S.P.A., defendant's servants, agents and/or employees supervised the premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, the equipment on said premises, more specifically the movable stairs exiting Flight Number AZ717, and the Plane for Flight Number AZ717.

35. On or before November 28, 2016, the defendant ALITALIA-COMPAGNIA AEREA ITALIANA, S.P.A., defendant's servants, agents and/or employees repaired the premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, the equipment on said premises, more specifically the movable stairs exiting Flight Number AZ717, and the Plane for Flight Number AZ717.

36. On or before November 28, 2016, the defendant ALITALIA-COMPAGNIA AEREA ITALIANA, S.P.A., defendant's servants, agents and/or employees inspected the premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, the equipment on said premises, more specifically the movable stairs exiting Flight Number AZ717, and the Plane for Flight Number AZ717.

37. On or before November 28, 2016, the defendant ALITALIA-COMPAGNIA AEREA ITALIANA, S.P.A., defendant's servants, agents and/or employees constructed the premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, the equipment on said premises, more specifically the movable stairs exiting

Flight Number AZ717, and the Plane for Flight Number AZ717.

38. On or before November 28, 2016, the defendant ALITALIA-COMPAGNIA AEREA ITALIANA, S.P.A., defendant's servants, agents and/or employees designed the premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, the equipment on said premises, more specifically the movable stairs exiting Flight Number AZ717, and the Plane for Flight Number AZ717.

39. At all times herein mentioned, it was the duty of the defendant ALITALIA-COMPAGNIA AEREA ITALIANA, S.P.A., defendant's servants, agents and/or employees to maintain said premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, the equipment on said premises, more specifically the movable stairs exiting Flight Number AZ717, and the Plane for Flight Number AZ717, in a reasonably safe and suitable condition and in good repair.

40. That on or about the 28th day of November, 2016, while the plaintiff, MARIA POLITIS was lawfully upon the defendant's premises located at Leonardo da Vinci–Fiumicino Airport, Via dell' Aeroporto di Fiumicino, 320, 00054 Fiumicino RM, Italy, more specifically on the movable stairs exiting Flight Number AZ717, when she was caused to slip and fall by a dangerous, hazardous and unsafe condition of the stairs, causing her to sustain grievous personal injuries with attendant special damage.

41. Solely as a result of the defendants' negligence, carelessness and recklessness, MARIA POLITIS was caused to suffer severe and serious personal injuries to mind and body, and further, that MARIA POLITIS was subjected to great physical pain and mental anguish.

42. By reason of the foregoing, MARIA POLITIS was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and MARIA POLITIS will be permanently caused to suffer pain, inconvenience and other effects of such injuries; MARIA POLITIS incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and MARIA POLITIS will be unable to pursue MARIA

SACCO & FILLAS, LLP

POLITIS's usual duties with the same degree of efficiency as prior to this accident, all to MARIA POLITIS's great damage.

43. As a result of the foregoing, plaintiff has become sick, sore, lame and disabled, has sustained severe and serious injuries, has suffered and will continue to suffer severe mental and nervous shock with accompanying pain, has required medical treatment and was and will be unable to attend to her usual duties for a long period of time; was obliged to and did expend large sums of money for medical care and attention and will be required to expend additional sums of money for medical care in the future to attend to her injuries which she believes to be of a permanent nature.

44. As a result of the foregoing negligence of the defendants, the plaintiff has expended and become obligated for the sums of money for medical care and attention for the plaintiff in an effort to cure her of her injuries and to alleviate her pain and suffering; was caused to incur damages.

45. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

46. Due to defendants' negligence, plaintiff is entitled to damages.

**WHEREFORE**, the plaintiff demands judgment awarding damages, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with interest and the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: Astoria, New York
January 26, 2017

By: Tonino Sacco, Esq.
SACCO & FILLAS, LLP
Attorneys for Plaintiff
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440
Our File No.: 15386-15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

MARIA POLITIS,                                             INDEX NO.

                Plaintiff,                       **ATTORNEY VERIFICATION**

  -against-

DELTA AIR LINES, INC. and ALITALIA-COMPAGNIA
AEREA ITALIANA, S.P.A.,

                Defendants.

---

      Tonino Sacco, an attorney duly admitted to practice law in the State of New York, makes the following affirmation under the penalty of perjury:

      I am of the firm of SACCO & FILLAS, LLP, the attorneys of record for the plaintiff.

      I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

      This verification is made by affirmant and not by plaintiff because he is not in the County of Queens, which is the County where your affirmant maintains offices.

      The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiff, information contained in the said plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated: Astoria, New York
       January 26, 2017

                                                        _____
                                                        Tonino Sacco

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.

-------------------------------------------------------------------

MARIA POLITIS,

                        Plaintiff,

   -against-

DELTA AIR LINES, INC. and ALITALIA-COMPAGNIA AEREA ITALIANA, S.P.A.,

                        Defendants.

-------------------------------------------------------------------

**SUMMONS and VERIFIED COMPLAINT**

-------------------------------------------------------------------

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: January 26, 2017        Signature: _____
       Astoria, New York                        Tonino Sacco, Esq.

                                  SACCO & FILLAS, LLP
                                  Attorneys for Plaintiff
                                  31-19 Newtown Avenue
                                  Seventh Floor
                                  Astoria, New York 11102
                                  (718) 746-3440